UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
JERMAL BABB,                                                 :    **ORDER ON**
                                                             :    **MOTIONS TO DISMISS**
                                    Plaintiff,               :
                                                             :    09 Civ. 0116 (BMC)(VVP)
            - against -                                      :
                                                             :
CITY OF NEW YORK, et al.,                                    :
                                                             :
                                    Defendants.              :
------------------------------------------------------------ X

This case is before the Court on the motions of defendant Jonas Bazile [26, 30] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the motion of the City of New York [31] to dismiss pursuant to Fed. R. Civ. P. 37(b) for failure to prosecute.

Bazile's motion is denied except as to the Eighth Cause of Action. The Amended Complaint sets forth more than sufficient detail to make out plausible § 1983 claims under Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009). It essentially alleges that Bazile used his position as a police officer to settle a personal grudge with plaintiff by having him arrested and charged. Bazile's motion, asserting that he was acting as an individual not as a police officer, relies on matters outside the face of the complaint and raises issues not appropriate under Rule 12(b)(6).[1]

However, the Eighth Cause of Action, alleging racial discrimination, is dismissed for failure to state a claim. There is nothing in the facts alleged to suggest that any animus pursuant to which Bazile acted was racial rather than personal. No plausible racial discrimination claim has been set forth.

---

[1] While plaintiff failed to file an opposition to defendant's motion, "a plaintiff's failure to oppose a motion to dismiss does not, by itself, justify dismissal." Hanson v. Nassau County Dept. of Public Works, No. 06-CV-6174, 2007 WL 1526426 (S.D.N.Y. May 23, 2007) (quoting Rawlins v. M&T Mortg. Corps., No. 05-CV-2572, 2005 WL 2143334 (S.D.N.Y. Sept. 1, 2005).

Because plaintiff failed to oppose the motion in any way and his counsel, prior to withdrawal, already has filed an Amended Complaint, leave to replead is denied.

The City's motion to dismiss is referred to Judge Pohorelsky for a Report and Recommendation following the conference scheduled before him for March 30, 2010. The Court takes the City's point that it is difficult to conclude that plaintiff has any continuing interest in this case; he certainly has not shown it. When his attorney withdrew, the Court granted him 30 days to advise whether he intended to proceed *pro se*; he ignored that deadline and the case was closed. More than a month after the deadline, plaintiff filed a letter requesting reopening of the case, which the Court granted, provided that plaintiff effect service on the individual defendants; the docket reflects that he never did. (In making his Report and Recommendation, Judge Pohorelsky may consider whether, at the very least, the individual defendants should be dismissed under Rule 4(m)). More than six weeks ago, Judge Pohorelsky ordered plaintiff to deliver medical authorizations to the City; the City's motion alleges that it delivered the authorizations to him that day and again a month later and still has not received the executed authorizations back. And as noted above, plaintiff has failed to respond in any way to Bazile's motion.

The case is well over a year old and it does not appear any closer to resolution than the day it was filed. Obviously, if plaintiff does not appear at the conference, it seems likely that Judge Pohorelsky would recommend dismissal. Disposition of the City's motion will therefore await the report.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
March 11, 2010

2